UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JAGMEET S.G.,

          Petitioner,

    v.

KRISTI NOEM, et al.,

          Respondents.

No. 1:26-cv-00956-TLN-AC

**ORDER**

This matter is before the Court on Petitioner Jagmeet S.G.'s[1] ("Petitioner") Petition for Writ of Habeas Corpus.  (ECF No. 1.)  On February 4, 2026, the Court granted Petitioner's Motion for Temporary Restraining Order ("TRO") and ordered his immediate release.  (ECF No. 8.)  The Court ordered Respondents to show cause why the Court should not grant the habeas petition and enter judgment in favor of Petitioner.  (*Id.*)  Respondents filed a Motion to Dismiss on February 11, 2026.  (ECF No. 9.)  The Court understands this filing to be Respondent's response to the Order to Show Cause and construes it as such.  (ECF No. 9.)  For the reasons set forth below, Petitioner's habeas petition is GRANTED.  (ECF No. 1.)

---

[1]    As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only his first name and last initials, to protect sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND[2]

Petitioner is an asylum seeker who entered the United States without inspection on December 13, 2022.  (ECF No. 1 at 3–4.)  The record indicates Petitioner was thereafter apprehended by the U.S. Department of Homeland Security ("DHS") as he was released under an Order of Release on Recognizance and placed under Immigration and Customs Enforcement ("ICE") supervision through the Alternatives to Detention program.  (*Id.* at 4.)  Petitioner was served a Notice to Appear on March 10, 2023.  (*Id.*; ECF No. 1-1 at 2–3.)

Following release, Petitioner remained in the United States without incident, worked lawfully, and supported himself financially.  (ECF No. 1 at 4.)  Petitioner pursued asylum, withholding of removal, and protection under the Convention Against Torture.  (*Id.*)  His case remains pending.  (*Id.*)  Throughout this time, Petitioner fully complied with all ICE reporting requirements and has no criminal history.  (*Id.* at 3–4.)

On November 23, 2025, Petitioner was detained by ICE during a routine scheduled check-in.  (*Id.* at 4.)  He was taken into DHS custody and detained at the California City Correctional Facility.  (*Id.* at 4–5.)

On February 3, 2026, Petitioner filed the instant Petition for Writ of Habeas Corpus.  (*Id.* at 1.)  Petitioner challenges the lawfulness of his civil detention.  (*Id.* at 10–20.)

## II.    STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its

---

[2]    These facts come from Petitioner's habeas petition.  (ECF No. 1.)  Respondents do not dispute these facts.  (*See generally* ECF No. 9.)

protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**III.    ANALYSIS**

Petitioner claims his detention violates the Fifth Amendment Due Process Clause. (ECF No. 1 at 12–13.) In opposition, Respondents contend Petitioner is an "applicant for admission" subject to the mandatory detention scheme of 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)"). (ECF No. 9 at 1–2.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas*, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent."). These due process rights extend to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94; *see Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

A.    Liberty Interest

"Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

3

The Court finds Petitioner has a protected liberty interest in his continued freedom. The Government's decision to release Petitioner on recognizance was an "implicit promise" that he would not be re-detained during the pendency of his immigration proceedings if he abided by the terms of his release. *Morrissey*, 408 U.S. at 482. Petitioner maintains that he fully complied with all conditions of his release. Respondents do not refute this. Petitioner thus has a clear liberty interest in his continued freedom protected by the Fifth Amendment. *See, e.g.*, *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions in allowing petitioner to remain in the community for over five years strengthened his liberty interest).

The Court is not persuaded by Respondents' argument that Petitioner is an "applicant for admission" subject to mandatory detention under § 1225(b)(2). Courts throughout the Ninth Circuit, including this one, have repeatedly rejected Respondents' position. *See e.g.*, *Hortua v. Chestnut*, No. 1:25-CV-01670-TLN-JDP, 2025 WL 3525916, at *3 (E.D. Cal. Dec. 9, 2025); *Estrada-Samayoa v. Cruz*, No. 1:25-CV-01565-EFB, 2025 WL 3268280, at *4 (E.D. Cal. Nov. 24, 2025) (collecting cases). "These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases). In comparison, "[t]he government's proposed interpretation of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025) (collecting cases). Respondents put forth no new arguments or facts justifying a different conclusion in this case. Accordingly, Petitioner has a clear interest in his continued liberty protected by the Due Process Clause.

> B.     Process Required

Having found Petitioner possesses a protected liberty interest, the Court next examines what process is necessary to ensure any deprivation of that interest accords with the Constitution.

The Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Due process rights in the immigration context "must account for the government's countervailing interests in immigration enforcement." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). The *Mathews* factors support requiring Petitioner receive notice and a hearing before a neutral decisionmaker prior to re-detention.

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by the Government's actions detaining him. The amount of time Petitioner spent at liberty underscores the gravity of its loss. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025) ("The lengthy duration of his conditional release as well as the meaningful connections Petitioner seems to have made with his community during that time create a powerful interest for Petitioner in his continued liberty.").

Second, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. "Civil immigration detention, which is 'nonpunitive in purpose and effect,' is justified when a noncitizen presents a risk of flight or danger to the community." *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO, 2025 WL 2686866, at *6 (E.D. Cal. Sept. 18, 2025). Petitioner maintains that he fully complied with the terms of his release and has no criminal history. As Petitioner has received virtually no procedural safeguards such as a bond or custody redetermination hearing, the risk that he is being detained without justification is high. *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Third, the Government's interest in detaining Petitioner without notice and a hearing is negligible. Custody hearings in immigration court are "routine and impose a 'minimal' cost," and the Government's interest is further diminished where, as here, Petitioner was already found appropriate for release and has complied with the conditions of his release. *R.D.T.M.*, 2025 WL 2686866 at *6. "The government has no legitimate interest in detaining individuals who have

been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions." *Hernandez*, 872 F.3d at 994.

Upon consideration of the *Mathews* factors, the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention.  He received neither. Respondents therefore violated Petitioner's due process rights.[3]

**IV.   CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED:

1.      Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

2.      Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk.  At any such hearing, Petitioner shall be allowed to have counsel present.

3.      The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: March 25, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

---

[3]      Petitioner also challenges his detention as violating the Immigration and Nationality Act, Administrative Procedure Act, Fifth Amendment equal protection, the Suspension Clause, and the *Accardi* doctrine.  (ECF No. 1 at 10–20.)  As the Court concludes Petitioner's detention violates the Due Process Clause, the Court need not address Petitioner's additional claims.